UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL M. WALKER, | ) C/A No. 4:11-1827-TMC-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| MACDOUGALL CORRECTIONAL INSTITUTION, | ) |
| Respondent. | ) |

Petitioner, Michael M. Walker (Petitioner/Walker), is currently incarcerated at MacDougell Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 29, 2011. Respondent filed a motion for summary judgment on December 16, 2011, along with a return, supporting memorandum and exhibits. (Doc. #32). The undersigned issued an order filed December 29, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #35). Petitioner filed a document on January 3, 2012, entitled "Motion to Vacate Conviction." (Doc. #37). Respondent filed a response in opposition to the Motion to Vacate Conviction. (Doc. #38).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted verbatim, in part.

Petitioner is currently incarcerated in MacDougall Correctional Institution pursuant to orders of commitment from the Clerk of Court of Greenwood County. A Greenwood County Grand Jury indicted Petitioner in February 2005 on two (2) counts of assault with intent to kill; three (3) counts of pointing and presenting a firearm; discharging a firearm at or into a dwelling/vehicle; and, possession of a weapon by a person convicted of a violent crime. Petitioner's mother retained Edward S. McCallum, III, to represent him on the charges. (App. p. 11). On February 28, 2005, Petitioner requested that counsel be relieved from representation. The Honorable J. Cordell Maddox, Jr., heard and granted the motion. (App. pp. 3-6). On March 30, 2005, the Honorable Wyatt T. Saunders, Jr., advised Petitioner of the dangers of *pro se* representation, but allowed Petitioner to represent himself upon Petitioner's request and his firm position that he did not want an attorney appointed. (App. pp. 8-19). A jury trial was held April 6-8, 2005, before Judge Saunders. The jury convicted Petitioner on two (2) Counts of assault of a high and aggravated nature; two (2) Counts pointing and presenting; and possession of a pistol by one convicted of a crime of violence. (App. p. 389-390). Judge Saunders sentenced Petitioner to two (2) Consecutive ten (10) year sentences on the assault convictions; two (2) five (5) year sentences, concurrent, on the pointing and presenting convictions; and five (5) years, suspended to five (5) years probation, to be served consecutively after release on the prior sentence, on possession of the weapon by one convicted of a crime of violence. (App. p. 396). Petitioner appealed.

Appellate Defender Kathrine H. Hudgins of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Counsel filed a Final Brief of Appellant in the South Carolina Court of Appeals on October 10, 2006, and raised the following issues:

1. Did the trial Court err in allowing the appellant to proceed to trial *pro se* without obtaining a valid waiver of the right to counsel?

2. Did the trial Court err in failing to direct a verdict in favor of the appellant on the charge of violating S.C. Code § 16-23-30 (possession of a pistol by a person convicted of crime violence) when the prior burglary conviction from 1992 relied upon by the State at trial is not a crime of violence?

3. Did the trial court err in instructing the jury that the appellant had the burden of establishing self defense and failing to instruct the jury that the State has the burden of disproving self-defense beyond a reasonable doubt?

(App. p. 417-435).

The State filed its final brief in response on September 6, 2006. The South Carolina Court of Appeals issued a decision affirming the convictions and sentence on March 15, 2007. (App. pp. 454-457). Petitioner filed a petition for rehearing on March 22, 2007, that was denied on August 24, 2007. (App. pp. 458-460). Petitioner filed a petition for writ of certiorari on January 28, 2008, in the Supreme Court of South Carolina, and raised the following issue for consideration:

> Did the Court of Appeals err in refusing to vacate the conviction and consecutive sentence for possession of a pistol by a person convicted of a violent crime when the State failed to produce evidence that Walker had been convicted of a violent crime?

(App. p. 464).

The State filed a return to the petition on February 21, 2008. The Supreme Court of South Carolina denied the petition on October 8, 2008. (App. p. 482). The state court of appeals issued the remittitur.

On February 18, 2009, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a) Trial Court Lacked Subject Matter Jurisdiction;

(b) Denial of Due Process;

(c) Ineffective Assistance of Counsel.

(App. p. 484-493).

All three claims related to the sufficiency of the pro se representation warnings. (App. pp. 489-492). The State made a return to the application on May 20, 2009. (App. pp. 494-499). John E. Newlon, Esq., represented Petitioner in the action.

An evidentiary hearing was held July 15, 2009, before the Honorable D. Garrison Hill. (App. 501-517). At the outset of the hearing, PCR counsel amended the allegations to include a challenge to subject matter jurisdiction based on the allegation "that the trial court used a nonviolent offense to assert a violent offense to enhance the penalty and present it to the jury." (App. pp. 507-508). Counsel also included a suggestion of "maybe" a due process violation based upon the alleged error. (App. p. 509). Judge Hill denied relief by order dated October 29, 2009. (App. pp. 519-525). Petitioner appealed the denial of relief.

Deputy Chief Appellate Defender Wanda H. Carter of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. Appellate

counsel filed a Johnson Petition for Writ of Certiorari in the Supreme Court of South Carolina and raised the following issue for consideration:

> The PCR court erred in denying Petitioner's allegation that his conviction of possession of a pistol by one convicted of a violent crime was unconstitutional as a matter of law.

(Johnson Petition, p. 2). Appellate counsel also filed a petition to be relieved as counsel as "[i]n her opinion seeking certiorari from the order of dismissal [ was] without merit."(Johnson Petition, p. 7). The State filed a letter in lieu of a formal return on May 17, 2010. By letter dated May 20, 2010, the Clerk of the Supreme Court of South Carolina advised Petitioner of his right to file a *pro se* response to the Johnson petition and "raise and argue any issues" Petitioner would want the state court to consider. Petitioner filed a *pro se* response on June 22, 2010. In his pro se response, Petitioner raised the following issue: "The PCR court erred in denying petitioners allegation that his conviction and suspended sentence of probation for possession of a pistol by a person convicted of a crime of violence S.C. Code Ann.§16-23-30 (a), (e) and sentence enhancement pursuant to S.C. Code Ann. §16-23-490 (a),(b),(c),(d),(e) was *unconstitutional as a matter of law*." (*Pro se* response to petition for writ of certiorari)((emphasis added). The Supreme Court of South Carolina denied the petition on June 24, 2011, and issued the remittitur on July 12, 2011.

## HABEAS ALLEGATIONS

Petitioner filed his petition on July 29, 2011, in which Petitioner raises the following allegations:

> GROUND ONE: Subject Matter Jurisdiction.
>
> SUPPORTING FACTS: The Trial Court did not have Jurisdiction to impose a sentence of 5 years suspended to 5 years probation,

|  | when appellant did not have a prior predicate conviction of a violent crime and does not have a current violent conviction for purposes of conviction to receive 5 year enhanced sentence for possession of a pistol by person convicted of a crime of violence on his current sentence (firearms sentences are non suspendable.) |
|---|---|
| GROUND TWO: | Denial Due Process. |
| SUPPORTING FACTS: | Appellant does not have prior predicate violent conviction and is no[t] currently on a violent conviction, the State of South Carolina improperly enhanced a prior non violent second degree Burglary to a violent offense in order to charge him with possession of a pistol by a person convicted of a violent crime his prior and current convictions and sentences are non violent. |

(Petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)).

However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

A. Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[2] As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3] §2254(b) and (c) read as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

7

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

---

        (A) the applicant has exhausted the remedies available in the courts of the State; or

        (B)(I) there is either an absence of available State corrective process; or

        (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)     An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)     A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B. Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy,

845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocense to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997). Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), *cert. denied*, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## ANALYSIS

Ground One

In Ground One, Petitioner argues that the trial court did not have subject matter jurisdiction to impose the sentence of 5 years suspended to 5 years probation when he did not have a prior predicate conviction of a violent crime. Defendant argues that subject matter jurisdiction is a state law issue and not cognizable in a federal habeas action. (Petition, pgs. 10-11).

As this issue pertains to the state court's jurisdiction, it should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, it is recommended that Ground One be dismissed and Respondent's motion for summary judgment be granted.

Ground Two

In Ground Two, Petitioner alleges a violation of due process asserting, "Appellant does not have a prior predicate violent conviction and is not currently on a violent conviction, the state of South Carolina improperly enhanced a prior nonviolent second degree burglary to a violent offense in order to charge him with possession of a pistol by a person convicted of a violent crime his prior and current convictions and sentences are non violent." (Petition at 7-8).

Respondent argues this issue was not presented as a due process claim in state court and is procedurally defaulted. It further argues that, even if the issue was presented adequately in state court, the state court did not rule on the issue and, thus, the issue is defaulted for that reason as well. Respondent contends the PCR judge found Petitioner "did not present any other evidence of the alleged due process violations" and did not "conduct a separate analysis of a due process violation claim that the allegedly improper charge negatively affected the fairness of the trial and the

11

subsequent conviction." (Respondent's brief, p. 14). Respondent argues Petitioner has not shown cause and prejudice or actual innocence to overcome the default.

To determine if Ground Two is procedurally defaulted, the procedural history is repeated in part. As set forth above, in his PCR application, Petitioner asserted generally "Denial of Due Process." (Tr. 484). In the application, the "Due Process" claim was based on the failure of the trial court to appoint standby counsel. (Tr. 493). The State's Return to his application challenged his Due Process argument asserting the issue as presented lacked specificity. (Tr. 496-497). At the PCR hearing, Petitioner's counsel reasserted the denial of his due process claim as based on his *pro se* representation. (Tr. 504-06). Later in the PCR hearing, however, while discussing their contention that the trial court "improperly classified [petitioner's prior conviction] as a violent offense at the trial of the case and that was used to enhance the sentencing after verdict," counsel stated "and whether or not the trial court would have subject matter, if that would fall under subject matter jurisdiction or maybe even due process argument, whether or not they have the ability to do that." (Tr. 509).

Upon being asked about the "subject matter jurisdiction or due process as to how you were sentenced," (Tr. 510), Petitioner testified that "it prejudiced the jury's decision and have them convict me of a crime of violence when there's no violent offense. . ." (Tr. 511, 513). The PCR judge stated that he understood the argument to be that ". . . he didn't have a violent crime on his record and the Court made a mistake by letting that go to the jury and it basically affected the entire trial because it lead the jury to believe that he had a violent offense on his record which they might otherwise not have known and that affected the whole case." (Tr. 515-16). Petitioner's counsel

responded that was correct. However, the PCR judge did not rule on this issue in the court's order of dismissal. In the order of dismissal, the PCR judge found as follows:

Due Process Violation

>The Applicant testified that the court improperly enhanced his prior conviction for burglary-2nd degree from a non-violent to a violent offense in order to charge him with possession of a pistol by someone convicted of a violent crime. The Applicant also challenged his consecutive sentences, because he was "accumulatedly punished." The applicant did not present any other evidence of the alleged due process violations.
>
>Newlon testified that the Applicant should have been appointed counsel. However, counsel also agreed with the State that the issues of appointed counsel and standby counsel were barred because they were previously raised on direct appeal. Newlon contended, however, that the appointment of counsel issue could still be raised in PCR if raised in the context of a due process violation.
>
>This Court finds that the allegation raises a direct appeal issue that is procedurally barred by S.C. Code Ann. 17-27-20(b) (2003). When the Court has reviewed the action of the lower court by way of a direct appeal and found the appeal to be without merit, the issue cannot be reasserted in an application for post-conviction relief unless there exists ample reason for a person under sentence to litigate again. Foxworth v. State, 275 S.C. 615, 274 s.E.2d 415 (1981). The Applicant already raised this issue in his direct appeal. There, the Court held that the Applicant made a valid, knowing and voluntary waiver of counsel. State v. Walker, Op. No. 2007-UP-125 (S.C. Ct. App. filed March 15, 2007). Therefore, this allegation is dismissed.

Subject Matter Jurisdiction

>The Applicant claims that the court lacked subject matter jurisdiction because his prior conviction for burglary-2nd degree is a non-violent offense. Specifically, the applicant claims that he is entitled to a new trial because the Court, when charging the jury on the elements of the crime of possession of a pistol by one convicted of a violent crime (S.C. Code §16-23-30), incorrectly instructed the jury that he had previously been convicted of a violent crime.
>
>This claim is utterly meritless, as S.C. Code §16-23-10 defines "crimes of violence" to include "Burglary." Therefore, this Court finds the Circuit Court had subject matter jurisdiction, and this allegation is dismissed.

(App. 522-23).

In the summary portion of the Order, the PCR judge stated that "the Applicant did not present any evidence sufficient for this Court to find a violation of his due process rights." (App. 524).[4]

In the Johnson petition, Appellate counsel raised the following issue: "The PCR court erred in denying Petitioner's allegation that his conviction of possession of a pistol by one convicted of a violent crime was unconstitutional *as a matter of law*." (App. p. 2 of Johnson petition) (emphasis added). However, Petitioner argued in his *pro se* response that the PCR court erred in denying his allegation that his conviction and suspended sentence of probation for possession of a pistol by a person convicted of a crime of violence under S.C. Code Ann. §16-23-30 and sentence enhancement pursuant to S.C. Code Ann. §16-23-490 was unconstitutional as a matter of law. Petitioner further argued in said response that the jury was erroneously charged in regard to the offense. (Response pp. 11-14).

In the habeas petition, Petitioner asserts as Ground Two a denial of due process stating "appellant does not have prior predicate violent conviction and is not currently on a violent conviction, the state of South Carolina improperly enhanced a prior nonviolent second degree burglary to a violent offense in order to charge him with possession of a pistol by a person convicted of a violent crime his prior and current conviction and sentences are non-violent." This was not the issue raised in the Johnson petition or the *pro se* response to the Johnson petition. In order to exhaust his available state court remedies, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim." Singleton v. Eagleton, 425 Fed. App. 228 (4th Cir. 2011) *quoting* Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) ( internal quotation marks omitted). The exhaustion requirement demands that the

---

[4] Petitioner did not file a Rule 59 motion.

petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick" Mallory v. Smith, 27 F.3d 991, (4th Cir. 1994) *quoting* Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

To the extent Petitioner asserts the issue was raised in his direct appeal, his claim for Habeas relief fails. In Petitioner's direct appeal, he raised the issue as follows: Did the trial Court err in failing to direct a verdict in favor of the appellant on the charge of violating S.C. Code § 16-23-30 (possession of a pistol by a person convicted of crime violence) when the prior burglary conviction from 1992 relied upon by the State at trial is not a crime of violence? The South Carolina Court of Appeals ruled that the issue was not preserved for appellate review. [5]

Therefore, this issue is procedurally barred from federal habeas review. Petitioner has not asserted cause to overcome the procedural default. Thus, the undersigned does not address cause and prejudice.[6] If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Kornahrens, supra.. Accordingly, it is recommended that Ground Two be dismissed as procedurally barred.

**CONCLUSION**

---

[5] The Court of Appeals stated in its order that "Walker argues the trial judge erred in not directing a verdict on the charge of possession of a handgun by a person convicted of a crime of violence.

[6] Also, as this appears to involve interpretation of state law, a state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999).

15

Based on the foregoing, it is RECOMMENDED Respondent's motion for summary judgment (doc. #31) be GRANTED, and that the Petitioner's Petition for Writ of Habeas Corpus be DENIED, and the petition dismissed without an evidentiary hearing.

It is further RECOMMENDED that all other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 5, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**'